**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN H. LAWTON,

                Plaintiff,

vs.                            Case No.  3:12-cv-1390-J-99MMH-JRK

NORMA J. ROSEN, STATE OF FLORIDA
DEPARTMENT OF REVENUE/CSEA, and
STATE OF OHIO FRANKLIN COUNTY
CHILD SUPPORT ENFORCEMENT
AGENCY (FCCSEA),

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

    This cause is before the Court on the Affidavit of Indigency (Doc. No. 2), filed December 26, 2012, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"); and Plaintiff's Amended Complaint (Doc. No. 10), filed April 29, 2013.

## I.  Status/Background

    Plaintiff initiated this action on December 26, 2012 by filing the Motion and a Civil Complaint (Doc. No. 1) naming as Defendants the following: (1) Plaintiff's ex-wife Norma J. Rosen; (2) the Florida Supreme Court; (3) the Florida Attorney General's Office; and (4) the Florida Department of Revenue and Child Support Enforcement.  Although Plaintiff stated at the beginning of his Complaint that he was bringing a cause of action "[f]or [v]iolations of

---

[1]    Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[c]onsumer [c]redit [p]rotection [a]ct, and negligence of federal laws," Compl. at 1,[2] a review of Plaintiff's summary of facts supporting his Complaint convinced the undersigned that Plaintiff was asking this Court to review various state court decisions related to Plaintiff's divorce, alimony, and child support, see id. at 9-31.[3]  Accordingly, on March 29, 2013, an Order was entered taking the Motion under advisement, explaining that it did not appear Plaintiff could go forward with his lawsuit as pled, and instructing Plaintiff to file an amended complaint by April 30, 2013.  Order (Doc. No. 9), entered March 29, 2013.

On April 29, 2013, Plaintiff filed the Amended Complaint.  See Am. Compl. (Doc. No. 10).[4]  Accompanying the Amended Complaint is an "Appendix to Amended Complaint" with exhibits (Doc. No. 12; "Appendix").[5]  In the caption of the Amended Complaint, Plaintiff names as Defendants (1) Plaintiff's ex-wife Norma J. Rosen; (2) the State of Florida Department of Revenue/CSEA (Child Support Enforcement Agency); and (3) the State of Ohio Franklin County Child Support Enforcement Agency.  Later in the Amended Complaint, Plaintiff also names as Defendants the "State of Florida Clerk of Court/Chief Justice," as well as "Marshall

---

[2]     Citations to Plaintiff's Complaint are to the pagination assigned by the Court's electronic filing system.

[3]     Plaintiff admitted in his Complaint that he had exhausted "all State remedies[.]"  Compl. at 20.

[4]     Citations to Plaintiff's Amended Complaint are to the pagination assigned by the Court's electronic filing system.

[5]     Also accompanying the Amended Complaint is a "Notice of Case Management Non Response/Cooperation By Defendants" (Doc. No. 11; "Notice").  In the Notice, Plaintiff indicates that Defendants are not cooperating in his attempts to prepare and file a case management report.  Notice at 2.  Defendants have not been served with process; they are not required to participate in a case management conference until after they have been served and have made an appearance in the case. See Track Notice (Doc. No. 4), filed January 2, 2013, at 1 (stating that "the parties should conduct a case management conference . . . no later than 60 days after service or appearance of any defendant") (emphasis added).

Stranburg," an attorney for the State of Florida Department of Revenue. Id. at 7. Plaintiff again complains about various state court decisions relating to his ability to pay child support and his divorce proceedings. Id. at 14-40. Plaintiff also alleges negligence on the part of Ms. Rosen and the Child Support Enforcement Agencies in Florida and Ohio, but the acts of alleged negligence all relate to the state court proceedings and/or the carrying out of wage and other garnishments apparently authorized by state courts.[6] Id. at 15-16, 26-29, 36-38.

Upon review of the Motion, the Amended Complaint, and the Appendix, the undersigned finds this matter is due to be dismissed.

## II.  Discussion

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court receiving such a case, however, must dismiss the case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6),

---

[6] In addressing the various garnishments, Plaintiff cites (among other things) 15 U.S.C. § 1673, which sets forth certain restrictions on wage garnishments, and 42 U.S.C. § 667, which directs states to establish guidelines for child support award amounts within each state. See, e.g., Am. Compl. at 24-28. To the extent Plaintiff attempts to allege a cognizable claim against any of Defendants under these statutes, he cannot do so. Regarding Plaintiff's citation to Section 1673, "[t]he federal statutes dealing with garnishment . . . are not an attempt to create or establish garnishment proceedings but are meant only to pre-empt state laws which are less restrictive." Evans v. Evans, 429 F. Supp. 580, 582 (W.D. Okla. 1976). Similarly, Section 667 does not create a cause of action for the matters about which Plaintiff complains.

Federal Rules of Civil Procedure ("Rule(s)"), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6) is not automatically frivolous. Id. at 328. The Court will dismiss a claim based on frivolity pursuant to § 1915 only when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

The <u>Rooker</u>-<u>Feldman</u> doctrine[7] is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," <u>Brokaw v. Weaver</u>, 305 F.3d 660, 664 (7th Cir. 2002) (citation and quotation omitted). Indeed, "the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." <u>Brokaw</u>, 305 F.3d at 664 (citation and quotation omitted); <u>see also</u> <u>Alvarez v. Attorney Gen. for Fla.</u>, 679 F.3d 1257, 1262 (11th Cir. 2012) (citations omitted). If a claim is barred by the <u>Rooker</u>-<u>Feldman</u> doctrine, the federal district court in which it is brought lacks subject-matter jurisdiction. <u>Alvarez</u>, 679 F.3d at 1264 (concluding "<u>Rooker</u>-<u>Feldman</u> barred the [district] court from exercising subject-matter jurisdiction over the claim").

The <u>Rooker</u>-<u>Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). In deciding whether the <u>Rooker</u>-<u>Feldman</u> doctrine to applies to bar jurisdiction in federal court, a court "must first determine whether the state court 'rendered judgment before the district court proceedings commenced.'" <u>Cormier v. Horkan</u>, 397 F. App'x 550, 552 (11th Cir. 2010) (unpublished) (quoting <u>Nicholson</u>, 558 F.3d at 1274). Next, the court must "determine whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court

---

[7]    See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-83 (1983).

judgments." Id. at 552-53 (citing Exxon-Mobil, 544 U.S. at 284).  In making this determination, the court examines "whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." Id. at 553 (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009)). "'A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues.'" Id. (quoting Casale, 558 F.3d at 1260).

Here, the crux of Plaintiff's allegations in the Amended Complaint is that the state courts have wrongly ruled on issues relating to his divorce proceedings and child support. Although his Amended Complaint is not a model of clarity, Plaintiff mainly appears to seek relief from this Court regarding a state court judgment or judgments for certain garnishments following the Florida Supreme Court's decision to deny relief.  See Am. Compl. at 38-39; see also App'x.  As discussed in more detail below, this Court cannot review the state court decision(s) because of the jurisdictional bar imposed by the Rooker-Feldman doctrine. Consequently, to the extent Plaintiff asks this Court to determine that the state courts "wrongly decided the issues," Am. Compl. at 17, the Amended Complaint is due to be dismissed as frivolous because the Court does not have subject-matter jurisdiction over Plaintiff's claims.

Plaintiff filed the instant action after the state court proceedings concluded.  See Compl. at 20 (noting "that all State remedies have been exhausted").  Because Plaintiff exhausted his state court remedies before he filed this federal suit, the state proceedings have ended for purposes of the Rooker-Feldman doctrine.

In addition, the Court is convinced that Plaintiff, an apparent state-court loser, is complaining of injuries caused by a state-court judgment or judgments.  Plaintiff asks this

Court to review decisions of the Florida Supreme Court (and possibly other courts, including state courts in Ohio) relating to Plaintiff's divorce and child support proceedings. <u>See</u> Am. Compl. at 17-40. Plaintiff contends state courts "wrongly decided a civil litigation based upon and inextricably intertwined claim that effectively nullifies the state court judgment and also succeeds only to the extent that the state court wrongly decided the issues." <u>Id.</u> at 17. According to Plaintiff, his ex-wife improperly sought and obtained judgments for child support in the state court(s). <u>Id.</u> at 36. Then, says Plaintiff, the Florida Supreme Court erroneously ruled on his appeal(s) and he is entitled to damages as a result. <u>Id.</u> at 38-39. It is clear that the claims in this lawsuit are inextricably intertwined with the state court judgment or judgments.[8]

For the foregoing reasons, this Court is barred under the <u>Rooker</u>-<u>Feldman</u> doctrine from reviewing the state court proceedings. The Amended Complaint, to the extent it asks the Court to review those proceedings, is therefore appropriately dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). <u>See Jackson</u>, 391 F. App'x at 856-57 (affirming district court's dismissal of a complaint as frivolous pursuant to Section 1915 when the lawsuit was barred by the <u>Rooker</u>-<u>Feldman</u> doctrine); <u>Jackson v. Peters</u> ("<u>Peters</u>"), 81 F. App'x 282, 285-86 (10th Cir. 2003) (unpublished) (finding that the plaintiff's "claims regarding defective and

---

[8]     Although Plaintiff names his ex-wife separately as a Defendant and claims he is suing his ex-wife for "neglect[ing] her custodial parent interstate duties," Am. Compl. at 36, the undersigned reads Plaintiff's allegations regarding his ex-wife as being inextricably intertwined with the state court judgment(s). Indeed, Plaintiff states that the alleged negligence occurred "before initiating a judgment for child support money causing the legal judgment to be wrongly decided enforced [sic] by the State of Florida DOR/CSEA . . . ." <u>Id.</u>

Assuming for argument's sake that the allegations against Plaintiff's ex-wife are not inextricably intertwined with the state court judgment(s), the alleged actions at issue were undertaken by Plaintiff's ex-wife in approximately 1986. <u>See</u> Am. Compl. at 19-20. It is difficult to tell which state's law would apply to a negligence claim given that Plaintiff and his ex-wife were allegedly moving to various states during this period. Regardless, such a claim appears to be well outside the bounds of the statute of limitations. <u>See, e.g.</u>, Fla. Stat. § 95.11(3)(a) (providing a four year statute of limitations for negligence claims).

unconstitutional procedures in the Colorado state court proceedings [we]re inextricably intertwined with the state courts' judgments regarding [the plaintiff]'s divorce and child support obligations" and were therefore barred under the Rooker-Feldman doctrine).

Finally, Plaintiff contends the Child Support Enforcement Agencies in Florida and Ohio acted erroneously by executing the state court judgments and/or by following the state court decisions, and he seeks monetary damages as a result. See Am. Compl. at 36-38, 39-40.[9] These agencies "are immune under the Eleventh Amendment from a federal suit seeking money damages." Peters, 81 F. App'x at 286 (citation omitted) (concluding the Department of Human Services and the Arapahoe County Child Support Enforcement Agency were immune); see also Vickers v. Office of Child Support, No. 09-00069-CG-B, 2009 WL 963206, at *2 (S.D. Ala. Apr. 7, 2009) (unpublished) (finding that claims for monetary damages against the Office of Child Support Enforcement for the State of Florida were barred by the Eleventh Amendment to the United States Constitution).[10] Plaintiff, therefore, cannot obtain any monetary relief against these agencies, and to the extent he seeks to do so, his Amended Complaint is appropriately dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

After due consideration, it is

**RECOMMENDED:**

---

[9]   Plaintiff also claims he lost his driver's license and passport privileges in Florida, Ohio, or both, and he seeks reinstatement of such privileges. See, e.g., Am. Compl. at 16, 31-32, 37, 40. It appears, however, that Plaintiff has already attempted to adjudicate these issues in the state court(s). See id. at 31-32. This Court does not have jurisdiction over such matters.

[10]   As noted previously, in the body of his Amended Complaint, Plaintiff names as a Defendant an attorney for the Florida Department of Revenue. See Am. Compl. at 7. Plaintiff does not set forth any viable causes of action against this Defendant. See generally id. Therefore, it is appropriate to dismiss the Amended Complaint as to this Defendant as well.

1.      That the Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.      That this case be **DISMISSED without prejudice** in accordance with the foregoing.[11]

3.      That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 3, 2013.

*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro se party

---

[11]      As this matter is due to be dismissed, Plaintiff's request contained in the Amended Complaint that the Court appoint an attorney to represent him, see Am. Compl. at 2, is due to be denied.