**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN H. LAWTON,

       Plaintiff,

vs.                                          Case No. 3:12-cv-1390-J-99MMH-JRK

NORMA J. ROSEN, STATE OF FLORIDA
DEPARTMENT OF REVENUE/CSEA, and
STATE OF OHIO FRANKLIN COUNTY
CHILD SUPPORT ENFORCEMENT
AGENCY (FCCSEA),

       Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 13; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on June 3, 2013. In the Report, Magistrate Judge Klindt recommends that the Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be denied, and that this case be dismissed without prejudice. See Report at 8-9. On June 17, 2013, Plaintiff filed objections to the Report. See Motion of Objection to Magistrate Judge's Reprt [sic] and Recommendation (Doc. No. 14; Objections). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo

review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1] Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objections to the Report and Recommendation (Doc. No. 14) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. No. 13) is **ADOPTED** as the opinion of the Court.

3. The Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, is **DENIED**.

4. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] After reviewing Plaintiff's Objections, the Court notes that Plaintiff appears to misapprehend the Rooker-Feldman doctrine. See Objections at 7 ("A claim by Rooker-Feldman doctrine *allows* cases brought by State case losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and *inviting* district Court review and rejection of those judgments."). The Court reiterates that the Rooker-Feldman doctrine actually bars this Court from reviewing and invalidating a final state court judgment. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997). Accordingly, because the requirements of the Rooker-Feldman doctrine are satisfied, the Court lacks subject-matter jurisdiction in this case.

5. The Clerk of the Court is directed to enter judgment dismissing the case, terminate any pending motions or deadlines as moot, and close this file.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of July, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

i21

Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record
Pro Se Plaintiff